IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEVON BROCK and MARY BROCK,** : | **CIVIL ACTION** |
| Plaintiffs, : | |
| v. : | NO. 12-5055 |
| **HARRAH'S ATLANTIC CITY PROPCO,** : | |
| **LLC, and HARRAH'S ATLANTIC CITY** : | |
| **OPERATING COMPANY, LLC,** : | |
| Defendants. : | |

**DuBois, J.**                                                                                                                                       **March 6, 2013**

**M E M O R A N D U M**

**I.    INTRODUCTION**

       Plaintiff Devon Brock claims that he slipped and fell at a hotel and casino owned and operated by defendants Harrah's Atlantic City Propco, LLC and Harrah's Atlantic City Operating Company, LLC. Defendants now move to dismiss, or in the alternative, to transfer the case to the District of New Jersey on the ground that this Court lacks jurisdiction and venue is improper. For the reasons set forth below, the Court denies that part of the motion seeking dismissal and grants that part of the motion that seeks transfer of the case to the United States District Court for the District of New Jersey.

**II.    BACKGROUND**

      Plaintiff Devon Brock slipped and fell in a bathroom at Harrah's Atlantic City, a hotel and casino in Atlantic City, New Jersey on August 10, 2010.[1] (See Compl. at ¶¶ 18, 20.) He and

---

[1] The defendants' motion and notice of removal set forth that the accident occurred in New Jersey. However, no such allegation is contained in the Complaint. Notwithstanding that fact, because the location of the accident does not appear to be contested, the Court assumes that it

his wife Mary Brock, residents of Gillett, Pennsylvania, claim that they were enticed to travel to Harrah's because of defendants' direct mailings that offered free stays. (Pls'. Sur Reply, at 5.) They allege that "the only reason that Plaintiffs were at the Defendants' establishment was because of the invitation from the Defendants to the Plaintiffs." (Id.) The Brocks also contend that defendants hire Pennsylvania employees.[2] (Id.)

The Brocks filed a negligence action against eleven Harrah's entities and one individual in the Philadelphia County Court of Common Pleas. Although many of the original defendants are Pennsylvania citizens (as are the Brocks), the defendants removed on fraudulent joinder grounds. The Brocks responded by filing a motion to remand. The parties then reached an agreement with respect to the proper defendants and whether the case would proceed in federal court or state court. Defendants identified the two entities that owned and operated the Harrah's facility at which the accident at issue in this case occurred: Harrah's Atlantic City Propco, LLC and Harrah's Atlantic City Operating Company, LLC. (See Order dated December 6, 2012, Document No. 15.) Those two companies, both of which are diverse, were substituted for the defendants originally named in the Complaint, and pursuant to the agreement, the case was to remain in federal court.

There was, however, a major ambiguity in the agreement: whether the case would proceed in federal court generally or in the Eastern District of Pennsylvania specifically. Each

---

occurred in New Jersey. The Court notes that the burden is on the plaintiffs to prove that jurisdiction exists. Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998).

[2] The Brocks' assertions regarding defendants' enticing mailings and employment of Pennsylvania citizens are contained in their Sur Reply, and they are not supported by any evidence.

party views the agreement differently. According to the defendants, they streamlined the case by identifying the two correct defendants. With only diverse defendants in the case, all parties agreed that this Court had subject matter jurisdiction and the motion for remand was no longer appropriate. The Brocks have a different version of events. They claim that they agreed not to pursue their motion to remand in exchange for defendants' consent to personal jurisdiction and agreement to proceed in the Eastern District of Pennsylvania.

Defendants now move to dismiss the Brocks' Complaint or in the alternative, to transfer the case to the District of New Jersey. Their motion is based on lack of personal jurisdiction and improper venue.

## III.  LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the laws of the state where the district court sits." Pennzoil Prods. Co. v. Colelli & Assocs., 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." Id.; 42 PA. CONS. STAT. § 5322(b).

Once a defendant has filed a motion to dismiss for lack of personal jurisdiction, the burden rests on the plaintiff to prove that jurisdiction exists in the forum state. Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998). When considering the motion, the court construes any factual averments and resolves all doubts in the plaintiff's favor. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 1996).

A court may obtain personal jurisdiction over a defendant in one of two ways. First, the

court has general jurisdiction if the defendant has engaged in "systematic and continuous" contacts with the forum state and the exercise of jurisdiction is "reasonable." Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 416 (1984). Second, the court has specific jurisdiction if "the defendant purposefully establishe[s] 'minimum contacts' in the forum." BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

## IV. DISCUSSION

Defendants argue that this Court lacks personal jurisdiction. They contend that the accident occurred in New Jersey and that the Court does not have specific or general jurisdiction over them. The Brocks respond with numerous arguments as to why there is personal jurisdiction: (A) defendants agreed not to contest jurisdiction and averred in their Notice of Removal that personal jurisdiction exists; (B) defendants have sufficient contacts with Pennsylvania; (C) defendants were served in Pennsylvania; and (D) case law establishes that New Jersey casinos are subject to personal jurisdiction in this Court.

The Court rejects these arguments and will address each in turn. Because the Court concludes there is no personal jurisdiction over defendants, it will not address defendants' second argument that venue is improper.

### A. Agreement not to Contest Personal Jurisdiction and Averment in the Notice of Removal

As discussed above, the parties do not dispute that an agreement was reached with respect to proceeding in federal court. However, the parties have different versions of the specifics of the agreement. According to the defendants, defense counsel identified the two

4

proper Harrah's entities. As they were both diverse, defendants claim that the Brocks agreed not to pursue their motion to remand. In contrast, the Brocks assert that defendants consented to personal jurisdiction and agreed that the case would remain in the Eastern District of Pennsylvania. The Brocks bear the burden of showing that an agreement regarding personal jurisdiction existed, and they have not satisfied that burden.

In support of their contention that defendants consented to personal jurisdiction, the Brocks submitted an email from plaintiffs' counsel dated November 21, 2012 that states, "As discussed, we believe we have come to a resolution in our issues and propose the following as per our conversation. In exchange for the naming of defendants . . . defendants will not contest and or defend that this cause of action remain in the Eastern District of Pennsylvania." (Pls.' Resp. Ex. C.) Defense counsel responded by email on the same date, "I look forward to reviewing your proposed stipulation." (Id.) The email from plaintiffs' counsel states that the agreement not to contest the case remaining in this Court was a proposal. Similarly, defense counsel's response refers to reviewing a proposed stipulation. This email exchange does not establish that an agreement regarding personal jurisdiction was ever reached.

The Brocks also submitted "Plaintiffs' Joint Case Management Plan" as evidence of an agreement with respect to personal jurisdiction. It states, "Defendants have agreed not to contest and/or defend and agree that this cause of action shall remain before this Honorable Court in the United States District Court for the Eastern District of Pennsylvania." (Ex. D at ¶1.2.) However, this document was submitted to the Court unilaterally by plaintiffs' counsel, in violation of Rule 26(f) which requires a joint submission. There is no evidence that any of the provisions of the so-called Joint Case Management Plan were agreed to. Significantly, at the Preliminary Pretrial

5

Conference on December 6, 2012, the proper defendants were substituted, as agreed, but neither counsel mentioned an agreement that the case would proceed in the Eastern District of Pennsylvania.

Finally, the Brocks argue that defendants "averred that this Honorable Court had jurisdiction, both personal and subject matter in nature, when the[y] filed their Notice of Removal and Amended Notice of Removal." (Pls.' Resp. at 8.) However the original Notice of Removal and the Amended Notice of Removal merely state that this Court has subject matter jurisdiction based on diversity of citizenship. (Notice of Removal, ¶¶ 9, 13; Amended Notice of Removal, ¶¶ 19, 23.) The notices do not refer to personal jurisdiction. Moreover, removal in and of itself does not constitute consent to personal jurisdiction. Arizona v. Manypenny, 451 U.S. 232, 242 n.17 (1981) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal. . . .").

The Court thus concludes that the Brocks have not established that defendants consented to personal jurisdiction.

B.  Contacts with Pennsylvania

The Brocks next contend that defendants have sufficient contacts with Pennsylvania because defendants hired Pennsylvania employees and sent direct mailings to the Brocks that invited them to come to Harrah's and offered free stays. Plaintiffs have provided the Court with no evidence to support these contentions. However, even if the assertions are true, they do not establish personal jurisdiction. While the Brocks do not distinguish between whether these contacts support general or specific jurisdiction, the Court will address each type of personal jurisdiction in turn.

(a)     General Jurisdiction

Defendants' employment of Pennsylvania citizens would not constitute "systematic and continuous" contacts with Pennsylvania. See Helicopteros, 466 U.S. at 416. In Helicopteros, the Supreme Court stated that it could not "conclude that the fact that [defendant] sent personnel into Texas for training in connection with the purchase of helicopters and equipment in that State in any way enhanced the nature of [defendant's] contacts with Texas." Id. at 418. In this case, the Brocks do not even allege that defendants' employees entered Pennsylvania in connection with their job. They merely assert that defendants hired "Pennsylvania employees." (Pls.' Sur Reply at 4-5.) That allegation does not establish general jurisdiction.

Plaintiffs also assert that defendants sent, and continue to send, direct mailings to the Brocks in Pennsylvania on a monthly basis. "However, targeted mailings, alone, do not support general jurisdiction. Courts in this district have consistently held that advertisements and solicitations, including direct mailings and voucher offers, are not, by themselves, substantial enough to meet the high standard for the exercise of general personal jurisdiction." Lingo v. Harrah's Entm't, Inc., 10-cv-7032, 2011 WL 2621396, at *3 (E.D. Pa. July 1, 2011) (internal quotations and citations omitted).

Thus, this Court does not have general jurisdiction over the defendants.

(b)     Specific Jurisdiction

The Brocks also argue that "the only reason Plaintiffs were at the Defendants' establishment was because of the invitation from Defendants to the Plaintiffs." (Pls.' Sur Reply at 5.) In other words, they claim that but for "the invitation," Devon Brock would never have been injured.

In order to establish personal jurisdiction, plaintiffs' claims must "arise out of or relate to" a purposeful contact with the forum state. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 318 (3d Cir. 2007). "[A]lthough the analysis may begin with but-for causation, it cannot end there." Id. at 322 "[S]pecific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test." Id. at 323. "The animating principle behind the relatedness requirement is the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable." Id. at 322. "Out-of-state residents who exercise the privilege of conducting activities within a state enjoy the benefits and protection of the state's laws; in exchange, they must submit to jurisdiction over claims that arise from or relate to those activities." Id. at 322. (internal quotations and alterations omitted.) "The causal connection can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable." Id. at 323 (internal citations omitted).

The court in Lingo addressed a very similar case to that of the Brocks'. That case involved a different Harrah's business, the Rio All Suite Hotel and Casino in Las Vegas, Nevada. Lingo, 2011 WL 2621396, at *1. The defendants sent plaintiff Carol Lingo "numerous invitations offering her a complimentary stay at the Rio." Id. While at the hotel, Lingo slipped and fell in the shower. Id. The court concluded that the mailings did not establish specific jurisdiction, stating: "The fact that Defendants sent Plaintiff an advertising mailer does not make Defendants subject to specific jurisdiction in Pennsylvania for any and all personal injuries that Plaintiff may sustain on Defendants' premises in Nevada. A slip-and-fall injury in the hotel's shower does not directly and closely relate to Defendants' contacts with the forum. The links in

8

the chain of causation between Defendants' contacts and the asserted injury are too remote to find specific jurisdiction." Id. at *4 (internal quotations omitted).

The same is true of this case. Devon Brock's fall in the shower at Harrah's in New Jersey does not directly and closely relate to defendants' contacts with Pennsylvania. The Brocks allegation that they went to Harrah's because of an invitation is not sufficient to establish specific jurisdiction.

The Brocks' allegation that Harrah's hires Pennsylvania employees is similarly not sufficient to establish specific jurisdiction. "[C]ontacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." O'Connor, 496 F.3d at 317. The Brocks have not alleged that they had contact with any Harrah's employee in Pennsylvania.

C.  Service on Defendants in Philadelphia

The Brocks further argue that they served defendants in Pennsylvania. To support this assertion they submitted two affidavits of service regarding Jeffrey Frazier and Harrah's Chester Downs Investment Co. (See Pls.' Resp. Ex. A.) Frazier and Harrah's Chester Downs Investment Co. are no longer defendants in this case. Service on them is irrelevant in determining whether the Court has personal jurisdiction over the current defendants: Harrah's Atlantic City Propco, LLC and Harrah's Atlantic City Operating Company, LLC. With respect to these two remaining defendants, the Brocks have submitted evidence that they were not served in Pennsylvania, but rather in New Jersey. (See Pls.' Sur Reply Ex. B).

D.  Other Cases Involving Atlantic City Casinos

Finally, the Brocks contend that "Pennsylvania Courts have a long standing history of hearing negligence cases involving the New Jersey casinos." (Pls.' Resp. at 8.) As examples,

9

they cite Bruno v. Merv Griffin's Resorts Intern. Casino Hotel, 37 F. Supp. 2d 395 (E.D. Pa. 1999) and Blunt v. Boyd Gaming Corp., 08-cv-285, 2008 WL 4694757 (E.D. Pa. Oct. 23, 2008). Neither case contains the term "personal jurisdiction." Rather, both courts mention, without discussion, that subject matter jurisdiction existed based on diversity. See Bruno, 37 F. Supp. 2d at 396; Blunt, 2008 WL 4694757, at *2. Blunt and Bruno do not establish that personal jurisdiction exists in this case.

In contrast, defendants cite numerous cases in which courts in the Eastern District of Pennsylvania have determined that they do not have personal jurisdiction over a New Jersey casino. See Stinnett v. Atlantic City Showboat, Inc., 07-cv-4743, 2008 WL 1924125, at *7 (E.D. Pa. Apr. 28, 2008) (DuBois, J.); Ferro v. Atlantic City Showboat, Inc., 07-cv-1016, 2007 WL 4275506, at *2-*4 (E.D. Pa. Dec. 3, 2007); Potts v. Harrah's Atlantic City Hotel and Casino, 06-cv-5422, 2007 WL 1866750, at *5 (E.D. Pa. June 28, 2007); Feldman v. Bally's Park Place, Inc., 05-cv-5345, 2006 WL 1582331, at *6 (E.D. Pa. June 5, 2006); Blackwell v. Marina Assocs., 05-cv-5418, 2006 WL 573793, at *7 (E.D. Pa. Mar. 9, 2006). This Court follows these cases and concludes there is no personal jurisdiction over defendants.

    E.    <u>Remedy</u>

Although the Court lacks personal jurisdiction over defendants, the Court chooses not to dismiss the case but, instead, will transfer the case to the District of New Jersey under 28 U.S.C. § 1631 in the interest of justice. See Feldman, 2006 WL 1582331, at *6. Jurisdiction and venue are proper in New Jersey because defendant has its principal place of business there, and the events leading to plaintiffs' claims occurred there. See N.J. Court Rule 4:4-4; 28 U.S.C. § 1391; Feldman, 2006 WL 1582331, at *6; see also Ferro v. Atlantic City Showboat, 2007 WL

4275506, at *4. Transferring the case will also serve the courts' "interests in judicial economy . . . by obviating the need for plaintiff[s] to refile [their] claim in New Jersey." Blackwell, 2006 WL 573793, at *7.

## V.     CONCLUSION

For the reasons stated above, the Court concludes that it lacks personal jurisdiction over defendants in this matter. However, rather than dismiss the case, the Court will transfer the case to the United States District Court for the District of New Jersey, Camden Vicinage, pursuant to 28 U.S.C. § 1631. An appropriate order follows.